

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. B. Ritchey, Jr.
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

Opinion No. O-4159
Re: County Judges — allowance of
credit on sentence in misde-
meanor cases for jail service
prior to date of sentence and
related matter.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"In a misdemeanor case in county court, the
county judge sentenced the defendant to four months
in jail, and in sentencing the defendant stated
that he was to be allowed as a credit the time that
he had already spent in jail. The defendant had
spent the four months in jail prior to his plea of
guilty and sentence by the Judge. The defendant
was turned out of jail by the sheriff after the
sentence was passed, following the Judge's instruc-
tions.

"Is it possible for the Judge to issue such
a sentence, and in such a case are the officers
entitled to their half-fees?

"Art. 784 (CCP) provides: If the punishment
is any other than a fine, the judgment shall specify
it, and order it enforced by the proper process.
It shall also adjudge the costs against the defend-
ant, and order the collection thereof as in other
cases. Art. 797 (CCP) provides: A defendant who
has remained in jail the length of time required
by the judgment shall be discharged.

Honorable R. B. Ritchey, Jr., Page 2

"Now in the instant case, the defendant
had been in jail sufficient length of time to
discharge the four months sentence and the costs
adjudged against him, this time having been
served prior to the sentence and judgment by
the Court; but the court's judgment and sen-
tence was to the effect that he was to be given
credit for the time already spent in jail. No
doubt, the purpose of the Judge in making the
sentence in this way was to save the county
the costs of feeding the prisoner any further,
and he acted on the ground that the time that
the defendant had spent in jail was ample pun-
ishment for the offense committed."

"Kindly render your opinion as to whether
such action on the part of the court is permis-
sible, and if the officers are entitled to
their half fees in such instance."

Article 768, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads as follows:

"If a new trial is not granted, nor judgment
arrested in felony cases, the sentence shall be
pronounced in the presence of the defendant at
any time after the expiration of the time allow-
ed for making the motion for a new trial or the
motion in arrest of judgment; provided that in
all criminal cases the judge of the court in
which defendant was convicted, may within his
discretion, give the defendant credit on his
sentence for the time, or any part thereof,
which said defendant has spent in jail in said
cause, from the time of his arrest and confine-
ment until his sentence by the trial court; and
provided further that in all cases where the
defendant has been tried for any violation of
the laws of the State of Texas, and has been
convicted and has appealed from said judgment
and/or sentence of conviction, and where said
cause has been affirmed by the Court of Crim-
inal Appeals, and after receipt of the mandate
by the Clerk of the trial court, the judge is
authorized to again call said defendant before

him, and if, pending appeal, the defendant
has not made bond or entered into recogni-
zance and has remained in jail pending the
time of such appeal, said trial judge may then
in his discretion re-sentence the defendant,
and may subtract from the original sentence
pronounced upon the defendant, the length of
time the defendant has lain in jail pending
such appeal; provided, however, that the pro-
visions of this Act shall not apply after
conviction and sentence in felony cases in
which bond or recognizance is not permitted
by law." (Underscoring ours)

Opinion No. 0-3279 of this department holds that
a sheriff may not hold a defendant for costs in a misdemeanor
case where the judgment does not provide for costs. We en-
close herewith a copy of said opinion for your information.

Article 1055, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"The county shall not be liable to the
officer and witness having costs in a mis-
demeanor case where defendant pays his fine
and costs. The county shall be liable for
one-half of the fees of the officers of the
Court, when the defendant fails to pay his
fine and lays his fine out in the county jail
or discharges the same by means of working
such fine out on the county roads or on any
county project. And to pay such half of
costs, the County Clerk shall issue his warrant
on the County Treasurer in favor of such offi-
cer to be paid out of the Road and Bridge Fund
or other funds not otherwise appropriated."

You are respectfully advised that it is the opinion
of this department that Article 768, V. A. C. C. P., supra,
authorizes the county judge to give a defendant convicted of
a misdemeanor credit on his sentence for the time, or any
part thereof, which said defendant has spent in jail in said
cause, from the time of arrest and confinement until his
sentence by the county judge.

It is our further opinion under the facts stated in your letter that the officers would not be entitled to half fees from the county under Article 1055, V. A. C. C. P., supra, where the jail time was served _prior_ and not _subsequent_ to the trial and conviction.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED NOV 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

RJF:GO

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN